OPINION
Plaintiff Mark S. Martin appeals a judgment of the Court of Common Pleas of Stark County, Ohio, awarding sanctions to defendants the Hoover Company and Curt Johnson from both plaintiff and his counsel. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE COURT ERRED IN ORDERING SUMMARY JUDGMENT
 ASSIGNMENT OF ERROR NO. 2
 THE COURT ERRED IN IT'S PREJUDICE IN FAVOR OF OPPOSING COUNSEL DUE TO MONIES CONTRIBUTED TO JUDGE REINBOLD'S ELECTION TO THE COURT OF COMMON PLEAS.
On July 8, 1997, the common pleas court entered a summary judgment in favor of appellees, finding there were no genuine issues of material fact, and therefor, appellees were entitled to judgment as a matter of law. The court recited the undisputed facts. Appellant was an hourly employee of appellee Hoover Company and a member of the International Brotherhood of Electrical Workers, Local 1985. The union and the Hoover Company had negotiated a collective bargaining agreement, which set forth various rules of conduct, disciplinary procedures, and a dispute resolution procedure which included formal binding arbitration.
On January 11, 1994, appellant was terminated for violation of the Rules of Conduct. Appellant challenged the action through the disciplinary process as set forth in the parties' agreement, but on February 13, 1996, the arbitrator issued a binding decision that Hoover had terminated appellant's employment for good cause.
Thereafter, appellant brought an action for infliction of emotional distress, and denial of ERISA benefits against Hoover as well as intentional interference with a contract and slander against his former supervisor, appellee Curt Johnson. The court of common pleas found appellant's claims are preempted by federal law and therefor it did not have jurisdiction over them. The court further found the claims were barred by the Doctrine of ResJudicata because the parties had agreed to abide by the decision of the arbitrator. Finally, the court found the claim of slander against the supervisor failed because the statements were made in relation to appellant's employment and qualifiedly privileged.
Thereafter, the court of common pleas awarded attorney fees to the appellees.
 I
We find we have no jurisdiction over this assignment of error, because it is directed to the summary judgment entered on July 8, 1997. Appellant's notice of appeal was filed on December 16, 1997, and was untimely.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant alleges the judge assigned to the case should have recused himself because of an ethical conflict or bias. As appellee points out, courts of appeal lack authority to pass these issues, see Beer v. Griffith
(1978), 54 Ohio St.2d 440. R.C. 2701.03 vests sole authority to disqualify a judge with the Supreme Court.
We find we have no jurisdiction over this issue also, and we overrule the second assignment of error.
For the foregoing reasons, the within appeal is dismissed.
By Gwin, P.J., Reader, J., and Wise, J., concur
For the reasons stated in the Memorandum-Opinion on file, the within appeal is dismissed for lack of jurisdiction.